**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC, d/b/a "Michael Grecco Photography", a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NETEASE, INC., a Cayman Islands Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF THE DMCA: 17 U.S. Code § 1202<br><br>JURY TRIAL DEMANDED |

Plaintiff, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography" ("GRECCO"), is a California corporation organized and existing under the laws of the state of California with its principal

place of business at 3103 17th Street, Santa Monica, California 90405. Plaintiff's principal, Michael Grecco, is an award-winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads.

5.  Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, INC. ("NETEASE") is corporation organized and existing under the laws of the Cayman Islands, with its principal place of business at 26F SP Tower D, Tsinghua Science Park, Building 8, No. 1 Zhongguancun East Road, Haidian District, Beijing, People's Republic of China, 100084. NetEase is registered to do business in the State of Delaware under its former English name, NetEase.com (U.S.) Inc., and has a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.  Plaintiff is informed and believes and thereon alleges that Defendant NETEASE has been listed on the NASDAQ Global Select Market since June 30, 2000, under the ticker symbol "NTES," and NetEase regularly files reports with the United States Securities and Exchange Commission. Upon information and belief, Defendant NetEase maintains an Investor Relations contact in New York, New York, in the United States.

7.  NETEASE is owner of the websites at http://163.com, http://netease.com, and http://www.lofter.com (collectively, the "NETEASE WEBSITES"). Indeed, the investor relations page of netease.com (http://ir.netease.com/phoenix.zhtml?c=122303&p=irol-IRHome) links to its United States SEC Form 6-K filing which explains that "NetEase, Inc. (NASDAQ: NTES) is a leading internet technology company in China" and to its Q1 2018 Investor Presentation which promotes that "163.com is

one of China's most visited internet portals." Moreover, at all relevant times the bottom of the lofter.com homepage includes the notice "Netease, Inc. Copyright © 1997-2018" (in its most updated version).

8. Plaintiff is informed and believes and thereon alleges that NETEASE generates substantial revenues from viewership http://163.com, http://netease.com and http://www.lofter.com by residents of the United States, including from New York—indeed, in the 3 months of July to September 2018 alone there were approximately 13.7 million visits to http://163.com from computers in the United States. The NETEASE WEBSITES are websites that derive revenue in large part from advertising.

9. The images on http://163.com, http://netease.com, and http://www.lofter.com, including the infringing images at issue in this case, are made available to viewers, including in New York, New York, through servers in the United States through an agreement between NETEASE and Quantil Networks' delivery network (www.quantil.com).

10. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency,

affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## INTRODUCTION AND STATEMENT OF FACTS

12. Plaintiff Michael Grecco Productions, Inc., ("GRECCO") brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of its original photography by Defendants.

13. GRECCO is well-renowned for, amongst other things, creating compelling and resonant portraiture and imagery. Its celebrated portfolio includes many photographs of celebrities. Seventeen (17) of these original portrait photographs, set forth below as Subject Photographs 1 through 17 on the left side column of the below illustrative chart and referenced hereinafter as the "Subject Photographs," have been misappropriated and published without permission (or payment of a licensing fee) by the for-profit websites http://163.com, http://netease.com and http://www.lofter.com. Defendants misappropriated, distributed, and published the Subject Photographs on the NETEASE WEBSITES and associated platforms, and did so without seeking authorization from, or even notifying, GRECCO. This is copyright infringement.

14. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photographs via an online search-and-copy campaign and then in or around October of 2016, the NETEASE WEBSITES published the Subject Photographs without GRECCO's consent ("Subject Posts"). Images of the Subject Posts are set forth below.

15. A comparison of the Subject Photographs with the Subject Posts reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

16. Plaintiff at no point authorized Defendants, or any of them, to use the Subject Photographs as complained of herein.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS

17. GRECCO created an original photograph of David Schwimmer ("Subject Photograph 1") that was registered with the United States Copyright Office on September 22, 2003 with the Registration Number VA 1-220-299. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 1.

18. A true and correct comparison of Plaintiff's Subject Photograph 1 and Defendant's unlawful exploitation are set forth below.



| SUBJECT PHOTOGRAPH 1: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|

19. GRECCO created an original photograph of the founders of Google ("Subject Photograph 2") that was registered with the United States Copyright Office on November 18, 2002 with the Registration Number VAu 590-445. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 2.

20. A true and correct comparison of Plaintiff's Subject Photograph 2 and Defendant's unlawful exploitation are set forth below.



| SUBJECT PHOTOGRAPH 2: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|

21. GRECCO created an original photograph of the founders of Google ("Subject Photograph 3") that was registered with the United States Copyright Office on March 2, 2004 with the Registration Number VAu 624-033. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 3.

22. A true and correct comparison of Plaintiff's Subject Photograph 3 and Defendant's unlawful exploitation are set forth below.

//

| SUBJECT PHOTOGRAPH 3: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|



23. GRECCO created an original photograph of Martin Scorsese ("Subject Photograph 4") that was registered with the United States Copyright Office on August 8, 2006 with the Registration Number VAu 715-832. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 4.

24. A true and correct comparison of Plaintiff's Subject Photograph 4 and Defendant's unlawful exploitation are set forth below.

| SUBJECT PHOTOGRAPH 4: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|



25. GRECCO created an original photograph of Jerry Buss ("Subject Photograph 5") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 5.

26. A true and correct comparison of Plaintiff's Subject Photograph 5 and Defendant's unlawful exploitation are set forth below.

| SUBJECT PHOTOGRAPH 5: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|
|  | |

27. GRECCO created an original photograph of Jerry Buss ("Subject Photograph 6") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 6.

28. A true and correct comparison of Plaintiff's Subject Photograph 6 and Defendant's unlawful exploitation are set forth below.

| SUBJECT PHOTOGRAPH 6: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|



29. GRECCO created an original photograph of Jet Li ("Subject Photograph 7") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 7.

30. A true and correct comparison of Plaintiff's Subject Photograph 7 and Defendant's unlawful exploitation are set forth below.

| SUBJECT PHOTOGRAPH 7: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|



31. GRECCO created an original photograph of Johnny Depp ("Subject Photograph 8") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-736-729. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 8.

32. A true and correct comparison of Plaintiff's Subject Photograph 8 and Defendant's unlawful exploitation are set forth below.



| SUBJECT PHOTOGRAPH 8: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|

33. GRECCO created an original photograph of Kirsten Price ("Subject Photograph 9") that was registered with the United States Copyright Office on February 8, 2006 with the Registration Number VAu 692-221. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 9.

34. A true and correct comparison of Plaintiff's Subject Photograph 9 and Defendant's unlawful exploitation are set forth below.

//

//

//



| SUBJECT PHOTOGRAPH 9: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|

35. GRECCO created an original photograph of Cher ("Subject Photograph 10") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-736-729. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 10.

36. A true and correct comparison of Plaintiff's Subject Photograph 10 and Defendant's unlawful exploitation are set forth below.



| SUBJECT PHOTOGRAPH 10: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|

37. GRECCO created an original photograph of Janet Jackson ("Subject Photograph 11") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-736-729. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 11.

38. A true and correct comparison of Plaintiff's Subject Photograph 11 and Defendant's unlawful exploitation are set forth below.



| SUBJECT PHOTOGRAPH 11: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|

39. GRECCO created an original photograph of Gary Oldman ("Subject Photograph 12") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 12.

40. A true and correct comparison of Plaintiff's Subject Photograph 12 and Defendant's unlawful exploitation are set forth below.

//

//

//

| SUBJECT PHOTOGRAPH 12: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|



41. GRECCO created an original of Drew Barrymore ("Subject Photograph 13") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 13.

42. A true and correct comparison of Plaintiff's Subject Photograph 13 and Defendant's unlawful exploitation are set forth below.

| SUBJECT PHOTOGRAPH 13: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|



43. GRECCO created an original of Drew Barrymore ("Subject Photograph 14") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 14.

44. A true and correct comparison of Plaintiff's Subject Photograph 14 and Defendant's unlawful exploitation are set forth below.



| SUBJECT PHOTOGRAPH 14: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|

45. GRECCO created an original of Morgan Freeman ("Subject Photograph 15") that was registered with the United States Copyright Office on May 28, 2004 with the Registration Number VAu 630-623. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 15.

46. A true and correct comparison of Plaintiff's Subject Photograph 15 and Defendant's unlawful exploitation are set forth below.

//

//

| SUBJECT PHOTOGRAPH 15: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|
|  | |

47. GRECCO created an original of Heather Mitts ("Subject Photograph 16") that was registered with the United States Copyright Office on April 27, 2009 with the Registration Number VA 1-017-645. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 16.

48. A true and correct comparison of Plaintiff's Subject Photograph 16 and Defendant's unlawful exploitation are set forth below.

| SUBJECT PHOTOGRAPH 16: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|
|  | |

49. GRECCO created an original of Al Jourgensen ("Subject Photograph 17") that was registered with the United States Copyright Office on July 1, 1998 with the Registration Number VA 932-255. Plaintiff is the sole owner of the exclusive rights in Subject Photograph 17.

50. A true and correct comparison of Plaintiff's Subject Photograph 17 and Defendant's unlawful exploitation are set forth below.

| SUBJECT PHOTOGRAPH 17: | ACCUSED IMAGE AS PUBLISHED BY THE NETEASE WEBSITES: |
|---|---|
|  | |

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

51.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

52. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photographs and by publishing the work which infringes the Subject Photographs to the public, including without limitation, on and through its website(s).

53. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject

Photographs without Plaintiff's authorization or consent, creating an unlawful derivative work from the Subject Photographs, and removing any attribution to Plaintiff from the Subject Photographs.

54. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on Plaintiff's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

55. Plaintiff is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Accused Image.

56. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

57. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

58. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages

under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

59. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

60. Plaintiff is informed that Defendant NETEASE claims that the NETEASE WEBSITES are not owned by, registered to, or administered by NETEASE, and claims that the websites http://163.com and http://netease.com are registered to Guangzhou NetEase Computer System Co., Ltd., a Chinese company located in Guangdong, China, and http://lofter.com is registered to Hangzhou Yaolu Technology Co., Ltd., a Chinese company located in Hangzhou, China.

61. Plaintiff is informed and believes and thereon alleges that Guangzhou NetEase Computer System Co. Ltd. is an Internet service provider ("ISP") which is either a subsidiary or affiliate of Defendant NETEASE and is used by NETEASE as a data center, for web hosting and for transit of information and content for the websites http://163.com and http://netease.com.

62. Plaintiff is informed and believes and thereon alleges that Hangzhou Yaolu Technology Co., Ltd is an ISP which is used by Defendant NETEASE as a data center, for web hosting and for transit of information and content for the website http://lofter.com.

63. Plaintiff is informed and believes and thereon alleges that the images on http://163.com, http://netease.com, and http://www.lofter.com, including the infringing images at issue in this case, are hosted by the above named ISP data centers and transmitted by these ISPs to servers in the United States through an agreement between Defendant NETEASE and Quantil Networks' delivery network ("Quantil"), making the infringing images at issue in this case available to viewers in the United States, including in New York, New York.

64. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, through its agreements with the above named ISPs and with Quantil, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

65. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, through its agreements with the above named ISPs and with Quantil, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction publication, and distribution of the Subject Photographs as alleged hereinabove.

66. Plaintiff is informed and believes and thereon alleges that NETEASE had the right and ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct. Specifically, it had the ability to oversee the development, publication, and distribution of the infringing imagery at issue and realized profits through the distribution and publication of the Accused Images.

67. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at

trial, as well as additional general and special damages in an amount to be established at trial.

68. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs, in an amount to be established at trial.

69. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, in addition to claims for costs and attorneys' fees. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follow against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photographs.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at

the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 505, 1203.

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505, 1203;

d. That a trust be entered over the Accused Images, and all profits realized through the infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 12, 2018          By: _____

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590 – 1820
scott@donigerlawfirm.com
Attorney for Plaintiff
MICHAEL GRECCO
PRODUCTIONS, INC